IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clifton Singletary, ) | |
| ) | Cr. No. 0:17-2431-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Warden, Ridgeland Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Clifton Singletary is a prisoner in custody of the South Carolina Department of Corrections who currently is housed at Ridgeland Correctional Institution in Ridgeland, South Carolina. On September 8, 2017, Petitioner, proceeding pro se, filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation.

The Magistrate Judge reviewed the petition pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1955, and other legal precedents. The Magistrate Judge noted that Petitioner previously sought federal habeas review in Singletary v. State, C/A No. 0:09-401-MBS, and that the court granted summary judgment in that case in favor of the respondent on the grounds of timeliness. See 28 U.S.C. § 2244(d). The Magistrate Judge noted that 28 U.S.C. § 2244(b) prohibits the filing of a successive § 2254 motion absent authorization from the appropriate circuit court of appeals. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Accordingly, the Magistrate Judge issued a Report and Recommendation on October 5, 2017, recommending that the with § 2254 petition be summarily dismissed without

prejudice and without requiring Respondent to file a return. Petitioner filed objections on October 19, 2017, as supplemented on October 30, November 2, and November 3, 2017.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

In this case, Petitioner expresses displeasure at court and prison procedures and reiterates some of the allegations of his § 2254 petition. Petitioner fails to direct the court to a specific error in the Magistrate Judge's Report and Recommendation. His objections are without merit.

The court has thoroughly reviewed the record and concurs in the recommendation of the Magistrate Judge. Petitioner's § 2254 petition (ECF No. 1) is summarily dismissed, without prejudice and without requiring Respondent to file a return.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise

debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 13, 2018